**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**KEVIN M. EPSTEIN**
**UNITED STATES TRUSTEE**
**HECTOR DURAN**
**TRIAL ATTORNEY**
**515 Rusk, Suite 3516**
**Houston, Texas  77002**
**Telephone: (713) 718-4650 x 241**
**Mobile: (202) 527-4538**
**Fax: (713) 718-4670**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NUMBER:** |
| | § | |
| **CALAMONDA TRUST #1** | § | **22-30657 (JPN)** |
| | § | **(Chapter 11)** |
| **DEBTOR** | § | |

**RESPONSE OF UNITED STATES TRUSTEE TO SHOW CAUSE ORDER AND**
**REQUEST FOR ENTRY OF ORDER DISMISSING CASE WITH PREJUDICE**

TO THE HONORABLE JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE:

      Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), responds to

the *Order Vacating Dismissal and Setting Show Cause Hearing* [Dkt. No. 5] and requests entry of

the attached order under 11 U.S.C. § 1112(b) and (e), Fed. R. Bankr. P. 1017, and BLR 1017-2(a)

dismissing this chapter 11 case with a bar to refiling for 180 days, and represents as follows:

**I.**     **SUMMARY OF ARGUMENT**

      1.     Calamonda Trust #1 ("Debtor") has disregarded its obligations under the

Bankruptcy Code.  Specifically, the Debtor has failed to act through counsel, has failed to file a

mailing matrix, and has failed to file the list of twenty largest unsecured creditors.  Each of these

failures amounts to "cause" under 11 U. S. C. § 1112(b) and (e), Fed. R. Bankr. P. 1017, and BLR

1017-2(a)(2), (4), and (5) and the Court should dismiss this case.

## II.    JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  A matter involving a motion to convert or dismiss is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is appropriate pursuant to 28 U.S.C. § 1408.

3.      Kevin M. Epstein is the duly appointed United States Trustee for the Southern District of Texas pursuant to 28 U.S.C. § 581(a)(7).  Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to appear and be heard on any issue in a case or proceeding under title 11.  Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code (the "Code").

## III.    FACTUAL BACKGROUND

4.      On March 15, 2022, the Debtor filed a voluntary petition ("Petition") for relief under chapter 11. Since the order for relief under chapter 11 was entered, the Debtor has operated as a debtor in possession under 11 U.S.C. §§ 1107(a) and 1108.

5.      The Petition reflects the Debtor: (a) elected to proceed under Subchapter V of Chapter 11; (b) identified itself as a tax-exempt charitable religious trust that owns property in Ely, Nevada; (c) estimated its assets to be worth from $1,000,001 to $10 million; (d) estimated its liabilities to be $1,000,001 to $10 million; and (e) estimated that funds would be available for distribution to unsecured creditors.  *See* Dkt. No. 1, pp. 2-4.

6.      On March 18, 2022, the U.S. Trustee appointed Melissa A. Haselden to serve as the Subchapter V Trustee.

## IV.  CAUSE TO DISMISS CASE

7.      Section 1112(b)(4) sets forth grounds for dismissal or conversion of a chapter 11 case.  It provides, in pertinent part, that a chapter 11 case may be dismissed or converted for cause

including:

    (F)    unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.

8.    Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(F) and (e), Fed. R. Bankr. P. 1017, and BLR 1017-2(a)(4) and (5) because the Debtor has failed to file a list of the twenty largest unsecured claims and a complete mailing matrix as required by 11 U.S.C. § 521(a).

9.    Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b), Fed. R. Bankr. P. 1017, and BLR 1017-2(a)(2) because the non-individual Debtor is not represented by counsel in this case.

## V. **RELIEF REQUESTED**

10.    Dismissal with a bar to refiling for 180 days is in the best interests of creditors.

## V. **CONCLUSION**

WHEREFORE, the U.S. Trustee requests that the Court enter the attached order under 11 U.S.C. § 1112(b) and (e), Fed. R. Bankr. P. 1017, and BLR 1017-2(a) dismissing this chapter 11 case with a bar to refiling for 180 days, and for any and all further relief as may be equitable and just.

Dated: March 23, 2022                    Respectfully Submitted,

                                         KEVIN M. EPSTEIN
                                         UNITED STATES TRUSTEE

                              By:        /s/ *Hector Duran*
                                         Hector Duran, Trial Attorney
                                         Texas Bar No. 00783996/Fed. ID No. 15243
                                         515 Rusk, Suite 3516
                                         Houston, Texas 77002
                                         (713) 718-4650 ext. 241
                                         (202) 527-4538 Mobile
                                         (713) 718-4670 Fax

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and correct copy of the foregoing was served upon the parties listed below by United States Mail, first class, postage prepaid or by ECF transmission or BNC noticing, and by e-mail address where noted, on the 23rd day of March, 2022.

                                         /s/ *Hector Duran*
                                         Hector Duran

*PRO SE* DEBTOR:

Calamonda Trust #1
P.O. Box 60247
Houston, TX  77205

SUBCHAPTER V TRUSTEE:

Melissa A. Haselden              (Via Email at mhaselden@haseldenfarrow.com)
Haselden Farrow PLLC
Pennzoil Place
700 Milam, Suite 1300
Houston, TX  77002